■ In the Matter of RAYMOND W., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of the Family Court of the State of New York, Bronx County, entered March 4, 1971, unanimously reversed, on the law and facts, without costs and without disbursements, and the proceeding remanded for further hearing. The dispositional hearing should not have been concluded without a full report from the probation officer. In the course of the hearing the learned trial court was advised that the assigned probation officer had been unable to complete her investigation as she had not yet obtained interviews with the parents. It may well be that further investigation will be fruitless by reason of the parents' failure to co-operate. In the light of the present record, the probation officer in charge of the matter should have been present in court so that the court might ascertain whether further investigation would be productive. Concur — McGivern, J. P., Nunez, Kupferman, Murphy and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DALTON, Appellant.—

No opinion. Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Macken, JJ.

## (October 19, 1971)

■ In the Matter of JAMES MATUSZEWSKI, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Determination dated May 20, 1971, revoking petitioner's registration as a longshoreman, unanimously modified, on the law and in the exercise of discretion, to the extent of reducing the punishment imposed by respondent, Waterfront Commission, from revocation of the license to a suspension for a period of four months from the date of the publication of this decision and, as so modified, the determination is confirmed, without costs and without disbursements. While we find substantial evidence to confirm the respondent's finding as to the guilt of the petitioner, in our view under all the circumstances, and considering the petitioner's prior unblemished record, the penalty of revocation of his license was excessive and constituted an abuse of discretion. In the exercise of the power vested in this court (see *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37; *Matter of Bovino* v. *Scott*, 22 N Y 2d 214; *Matter of Handel* v. *Gabel*, 22 A D 2d 654; CPLR 7803, subd. [3]), we conclude that the penalty should be limited as indicated above. Concur — Capozzoli, J. P., Markewich, Nunez, Murphy and Eager, JJ.